**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

LORRAINE GARRETT-GREER                                             **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 1:08-CV-229-SA-DAS**

**KEY STAFF SOURCE, INC. and
FIBER DIRECT, INC.**                                               **DEFENDANTS**

<u>**ORDER**</u>

On September 15, 2008, the Plaintiff filed her complaint [1] with this Court, initiating the present action. The Plaintiff, an African-American woman, alleges that the Defendants discriminated against her because of her race by paying her less than they paid white employees for the same or similar work and by laying her off on March 24, 2004, when there were white employees with worse attendance records and worse job performance than hers. She alleges causes of action under 42 U.S.C. § 1981, 29 U.S.C. § 206, and Title VII. She also alleges state law causes of action of intentional infliction of emotional distress, breach of contract, and wrongful termination. The Plaintiff did not attach any documents in support of her Complaint.

On November 24, 2008, Defendant Key Staff Source, Inc. (Key Staff) filed a motion to dismiss [8] on the basis that each cause of action alleged by the Plaintiff was barred by the applicable statute of limitations. On December 16, 2008, Defendant Fiber Direct, Inc. (Fiber Direct) joined in Key Staff's motion to dismiss [15].

Plaintiff filed her response to the motion to dismiss on December 30, 2008 [16, 17]. In it, Plaintiff stated that her Complaint contained an erroneous statement of fact; she stated that, rather than being terminated by Key Staff in 2004, she was terminated on March 16, 2006. The Plaintiff also made further factual allegations in substantially greater detail than the sparse factual allegations

of her complaint. She attached the following documents as exhibits to her response to the motion to dismiss: a declaration pursuant to 28 U.S.C. § 1746, relating the same factual allegations contained in her response; a copy of her Key Staff employment application, dated May 21, 2004; a copy of an administrative appeals decision from the Mississippi Department of Employment Security, dated May 18, 2006; her charge of discrimination, dated July 6, 2006; and a notice of right to sue from the EEOC, dated September 21, 2007.

The Plaintiff conceded that her cause of action under Title VII and her state law cause of action for intentional infliction of emotional distress were barred by the applicable statutes of limitation. However, she argued that her remaining claims were not time-barred, based on the correct date of her termination, and she argued that the Court should convert the Defendants' motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56 and consider the documents attached to her response.

Key Staff, joined by Fiber Direct, replied that the conversion of a motion to dismiss into a motion for summary judgment is appropriate only when matters outside the pleadings are attached to the motion and that conversion in this case would be inappropriate since they did not attach any matters outside the pleadings to their motion. Defendants argued that the proper course of action for Plaintiff was a formal amendment to her Complaint.

As noted above, the Plaintiff attached additional documents to her response to the motion to dismiss currently before the Court. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). However, the extraneous materials currently before the Court were not presented on the motion to dismiss; rather, they were presented

on the Plaintiff's response to the motion to dismiss. Therefore, Rule 12(d) does not allow the Court to convert the motion to dismiss into a motion for summary judgment.

However, the Fifth Circuit has held that when a plaintiff alleges facts for the first time in a response to a motion to dismiss, the District Court should treat the response as a motion to amend the pleadings, if justice so requires. Cash v. Jefferson Assocs., Inc., 978 F.2d 217, 218 (5th Cir. 1992) (holding that a plaintiff's use of the term "willful" in her response, rather than the term "intentional," as used in her complaint, should be considered as a motion for leave to amend her complaint); *see also* Stover v. Hattiesburg Public School Dist., 549 F.3d 985, 989 n. 2 (5th Cir. 2008). Therefore, the Court will treat the Plaintiff's response to the motion to dismiss as a motion to amend the complaint.

This Court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Since it is clear that the Plaintiff intended to allege causes of action stemming from her termination on March 16, 2006, rather than March 24, 2004, justice dictates that the Court give leave to the Plaintiff to amend her Complaint. Therefore, her motion to amend is **GRANTED**.

The Plaintiff shall file an amended complaint with the Court within ten (10) days of the entry of this order. If the Plaintiff does not file an amended complaint within that time period, the Court will rule on the Defendants' motion to dismiss based on the complaint currently before it.

After the Plaintiff files her amended Complaint, the Defendants are, of course, free to refile or supplement their motion to dismiss, based upon the allegations of the amended complaint.

**SO ORDERED** on this the 13th day of March, 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

3