**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**LORRAINE GARRETT-GREER**                                                                      **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 1:08-CV-229-SA-DAS**

**KEY STAFF SOURCE, INC. and**
**FIBER DIRECT, INC.**                                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Before the Court is the Defendants' Amended Motion to Dismiss [23]. For the reasons stated below, the motion is denied in part and granted in part. The Defendants' original motion to dismiss [8] is denied as moot.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On September 15, 2008, the Plaintiff filed her complaint [1] with this Court, initiating the present action; she subsequently filed an amended complaint [22] on March 17, 2009. The Plaintiff, an African-American woman, alleges that the Defendants discriminated against her because of her race by paying her less than they paid white employees for the same or similar work and by laying her off on March 16, 2006, when there were white employees with worse attendance records and worse job performance than hers. She alleges that this action was pursuant to an agreement between the Defendants to discriminate against African-American employees.

She alleges causes of action under 42 U.S.C. § 1981 and 29 U.S.C. § 206. She also alleges causes of action of breach of contract and wrongful termination under Mississippi law. The Plaintiff attached a copy of her Key Staff Source, Inc. (Key Staff) employment application, dated May 21, 2004.

On March 20, 2009, Defendant Key Staff filed an amended motion to dismiss [23] the

Plaintiff's claim under 29 U.S.C. § 206 and her breach of contract claim, on the basis that each is barred by the applicable statute of limitations. On March 23, 2009, Defendant Fiber Direct, Inc. (Fiber Direct) joined in Key Staff's motion to dismiss [24]. Plaintiff filed her response to the motion to dismiss on March 24, 2009 [25, 26], and the matter is now ripe for review.

## II.  STANDARD OF REVIEW

When reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007). The plaintiff's factual allegations must be enough to "raise a right of relief above the speculative level," upon the assumption that all the allegations in the complaint are true. Id. The complaint must contain something more than a statement of facts that merely creates the suspicion of a legally cognizable right of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Court will not accept mere conclusory allegations or legal conclusions masquerading as factual conclusions as true. Kaiser v. Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982); Myers v. Guardian Life Ins. Co. of Am., 5 F. Supp. 2d 423, 427 (N.D. Miss. 1998) (citation omitted). The "complaint must contain either direct allegations on every material point necessary to sustain a recovery... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Myers, 5 F. Supp. 2d at 427 (citation omitted). When exhibits are attached to the complaint, the court should "consider the exhibits to be part of the complaint for purposes of a Rule 12(b)(6) motion." United States v. St. Luke's Episcopal Hosp., 355 F.3d 370, 375 (5th Cir. 2004).

**III. DISCUSSION**

The Defendants argue that the Plaintiff's claim under the Equal Pay Act is time-barred because it is based on non-willful conduct and that Plaintiff's claim for breach of contract is time-barred because she has alleged a breach of a verbal employment contract. The Plaintiff argues that her Equal Pay Act claim is not time-barred because she has alleged a willful violation and that her breach of contract claim is not time-barred because her employment application constitutes a written employment contract. The Court will discuss each disputed cause of action in turn.

**A.     § 206**

Causes of action under the Equal Pay Act, 29 U.S.C. § 206, "may be commenced within two years after the cause of action accrued," unless the cause of action arises "out of a willful violation," in which case the cause of action "may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In this jurisdiction, "an employer acts willfully and subjects himself to the three-year liability provision if he knows, or has reason to know, that his conduct is governed by the Fair Labor Standards Act." Hill v. J. C. Penney Co., 688 F.2d 370, 374 (5th Cir. 1982). A cause of action under the Equal Pay Act accrues "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." Halferty v. Pulse Drug Co., Inc., 821 F.2d 261, 271 (5th Cir. 1987), modified on other grounds, 826 F.2d 2 (5th Cir. 1987); Alldread v. Grenada, 988 F.2d 1425, 1430 (5th Cir. 1993).

First, the Plaintiff's amended complaint alleges that the "defendants intentionally and deliberately discriminated against the plaintiff on the basis of race... by paying plaintiff at a lesser rate of pay than white employees performing the same job." Additionally, the Plaintiff alleges that the Defendants "entered into an agreement to pay African-American employees less wages than

3

white employees with the same education, experience, and training for doing the same job." Finally, documents attached to the Plaintiff's complaint include statements that all employees are treated without regard to any "legally protected status."

The Plaintiff has, therefore, sufficiently plead a cause of action for an intentional violation of § 206. In addition to specifically alleging that the Defendants intentionally discriminated against her on the basis of race pursuant to an agreement between them, the Plaintiff provided documents that show, at a minimum, that the Defendants were aware that their conduct was governed by law that prohibited discrimination on the basis of protected status. The complaint, therefore, raises the issue of willfulness "above the speculative level." Cuvillier, 503 F.3d at 401.

The Plaintiff alleges that she was terminated on March 16, 2006. She filed her complaint on September 15, 2008, and her amended complaint on March 17, 2009. Federal Rule of Civil Procedure 15(c) provides that an amended pleading may relate back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." FED. R. CIV. P. 15(c). The amended complaint asserts the same claims and same substantive facts as the original; therefore, it may relate back for purposes of a statute of limitations analysis.

The statute of limitations for a willful violation of 29 U.S.C. § 206 is three years from the date of accrual. The Plaintiff has not alleged when she received her final paycheck, but, assuming that she could not have received it any earlier than the date of her termination, her claim accrued on March 16, 2006. She filed her original complaint on September 15, 2008. Therefore, she is well within the three-year statute of limitations, which ran out on March 16, 2009. The Defendants' motion to dismiss the Plaintiff's § 206 claim is denied.

## C.     *Breach of Contract*

In Mississippi, a cause of action for the breach of "an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after." MISS. CODE. ANN. § 15-1-29.  However, the statute of limitations on a cause of action for breach of a written contract is three (3) years.  MISS. CODE ANN. § 15-1-49; Levens v. Campbell, 733 So. 2d 753, 758 (Miss. 1999).

The Mississippi Supreme Court has held that the traditional features of an employment contract are (1) consent of the parties, (2) consideration for the service rendered, (3) and control by the employer over the employee.  Levens, 733 So. 2d at 758, *citing* Walls v. North Mississippi Med. Ctr., 568 So. 2d 712, 715 (Miss. 1990).  If the "written agreement is so indefinite that parol evidence is necessary to show a contractual relationship, the contract is unwritten and the limitations statute relating to written contracts is not applicable."  Levens, 733 So. 2d at 758, *citing* Sloan v. Taylor Machinery Co., 501 So.2d 409 (Miss. 1987).

The Plaintiff argues that her employment application and Key Staff's employment procedures brochure establish a written contract under Mississippi law.  However, the Plaintiff has not attached any employment brochure to her complaint, and the application that she has attached to her complaint is insufficient to constitute a written employment contract under Mississippi law. There is no indication within the document itself that it established an employer-employee relationship between the parties.  It does not evince consent to such a relationship, does not specify the consideration to be given for the services rendered, and does not establish any sort of control by Key Staff over the Plaintiff.

The Plaintiff cites Levens v. Campbell, 733 So.2d 753 (Miss. 1999), as support for her

5

position that her employment application is sufficient to constitute an employment contract. However, Levens provides no support for her position. In Levens, the Mississippi Supreme Court held that the employment application at issue did "not disaffirm employment-at-will status," yet contained sufficient information to constitute a writing for purposes of the statute of limitations. Id., 733 So.2d at 759. The key differences between that application and the one at issue here are that the Levens application contained the specific hourly wage to be paid the applicant, the specific date on which the applicant was to begin work, and the specific shift the applicant was to work. Id. The employment application attached to the Plaintiff's complaint contains none of those features. Indeed, it contains no information whatsoever to indicate that an employment relationship was entered into by the parties. Therefore, it is insufficient to constitute a written employment contract under Mississippi law, and the one-year statute of limitations applies.

Once again, the amended complaint asserts the same claims and same substantive facts as the original; therefore, it may relate back for purposes of a statute of limitations analysis. Fed. R. Civ. P. 15(c). The statute of limitations for a breach of an unwritten employment contract is one year from the date of accrual. MISS. CODE. ANN. § 15-1-29. In Mississippi, a cause of action for breach of contract accrues "when the breach, not the injury, accrues," or "at the time of the breach regardless of when damages resulting from the breach occur." First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce, 220 F.3d 331, 334-35 (5th Cir. 2000). According to the facts that the Plaintiff alleges in her complaint, the latest date on which a breach could have occurred is March 16, 2006, the date on which the Plaintiff was fired. Therefore, the statute of limitations ran out on her breach of employment contract action on March 16, 2007. Since she did not file her complaint until September 15, 2008, her breach of contract claim is time-barred.

6

## IV. CONCLUSION

The Defendants' original motion to dismiss [8] is **DENIED AS MOOT**.

For the reasons stated above, the Defendants' amended motion to dismiss [23] is **DENIED IN PART** and **GRANTED IN PART**. The Defendants' motion to dismiss the Plaintiff's claim under the Equal Pay Act is **DENIED**. The Defendants' motion to dismiss the Plaintiff's breach of contract claim is **GRANTED**, and the Plaintiff's breach of contract claim is **DISMISSED WITH PREJUDICE**.

An order consistent with this opinion shall issue this the 20th day of April, 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**